# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jason Robert Hill,

    Petitioner,

v.

State of Minnesota,

    Respondent.

Case No. 22-cv-3101 (MJD/DTS)

**REPORT AND RECOMMENDATION**

Petitioner Jason Robert Hill is currently charged with felony and misdemeanor assault charges in Minnesota state court. *See State v. Hill*, No. 69HI-CR-22-737. Hill has filed a petition for a writ of habeas corpus challenging the validity of the criminal proceedings on the grounds that he is "not an injured party in compliance with commercial law claiming loss or damages or injury" and therefore is allegedly not within the jurisdiction of the Minnesota courts. *See* Petition at 2 [Docket No. 1].

"Even though the statutory language of [28 U.S.C.] § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Eremy v. Ramsey County, Minnesota*, No. 17-cv-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction . . . ." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

No such "extraordinary circumstances" are present here. If Hill is correct that the state court lacks jurisdiction over his criminal proceeding, then the state courts—whether

the trial court itself or the appellate courts on direct appeal—are fully capable of vindicating that claim. If Hill remains dissatisfied with the decisions of the state courts after his claims have been fairly presented to those courts, then he may return to federal court and seek habeas corpus relief.[1] But Hill may not short-circuit the state-court criminal process by jumping immediately to federal habeas review. This matter must be dismissed.

Two other matters merit brief comment. First, Hill has applied for *in forma pauperis* (IFP) in this proceeding. *See* Docket No. 4. He qualifies financially for IFP status, but an IFP application must be denied where a habeas petitioner is denied relief at the outset of the case. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Therefore, in light of the recommendation of denial of Hill's habeas petition, it is further recommended that his IFP application also be denied. Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that Hill has not yet exhausted available remedies for his claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is recommended that Hill not be granted a COA on that basis. *See id*.

---

[1] That said, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The scope of the jurisdiction of the Minnesota courts is a claim of state law, not federal law, and therefore not cognizable on federal habeas review.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of petitioner Jason Robert Hill [Dkt. No. 4] be DENIED.

3. No certificate of appealability be issued.


Dated: January 5, 2023                                     ___s/David T. Schultz_____
                                                                             DAVID T. SCHULTZ
                                                                             U.S. Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).